*783 OPINION.
SteRNHagen:
The petitioner testified that, in entertaining the public officials of the several counties and towns with which he had long been doing business, he had no purpose to influence them in their consideration of his offers or contracts, but that this sort of entertainment had been carried on many years by him and his competitors and if he should discontinue it he “would be crucified” — “looked upon as a nonentity.” He therefore regards the cost of the entertainment as an “ordinary and necessary expense of carrying on his business.” Even though this might be literally true, the question is whether the statutory language is to be applied literally or is to be interpreted to exclude such expenses from its meaning.
Such entertainment of public officials who necessarily have a direct or indirect relation to the contracts which petitioner seeks is, speaking generally, commonly regarded as contrary to the public interest. It is as much against public policy as expenditures to influence legislation ; and such expenditures have been consistently denied deducti-bility, irrespective of the absence in the concrete case of a venal motive. Textile Mills Securities Corporation v. Commissioner, 314 U. S. 326. If the expenditures were expressly prohibited by state law, they would be denied recognition as ordinary and necessary expenses for the purpose of tax deduction, Easton Tractor & Equipment Co., 35 B. T. A. 189. We hold that the deduction is also withheld by the statute from expenditures by one who is selling materials under contract with towns and counties for entertaining public officials, even though it does not appear that the expenditures are repugnant to express provisions of law.
The disallowance of the amounts of $4,059.24 and $3,259.42 spent in entertaining public officials is sustained.

Decision will he entered under Rule 50.